## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**RONALD LEWIS SZABO**                                                                                                       **PLAINTIFF**

**v.**                                                                                   **CIVIL ACTION NO. 3:08CV-P632-H**

**LADONNA THOMPSON** *et al.*                                                                            **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court for *sua sponte* screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Kentucky State Reformatory in LaGrange, Kentucky. He files suit under 42 U.S.C. § 1983 against current or former prison officials, LaDonna Thompson, J. David Donahue, and Larry Chandler. Plaintiff alleges that Defendants denied him meritorious good-time credit for the years 2004, 2005, and 2006 arbitrarily and in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that after an annual review by prison personnel he was denied good-time credit in each of these years for failing to enroll in a sex offender treatment program, even though he applied for and was denied enrollment in the program because it was not a required condition of his sentence. He claims that he appealed the denial of the good-time credit to Kentucky courts and the denial was not overturned. He also claims that he made direct requests to each Defendant to overturn the denial and that the requests were denied.

As relief, Plaintiff seeks restoration of good-time credit for these years; $1,000,000 in punitive damages; and an order enjoining Defendants "from future violation by ordering review and revision of current application of state law."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, or any portion thereof, if the Court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.     42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendant(s) deprived him of that right while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986).  Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As noted above, the Plaintiff alleges that prison officials denied him meritorious good-time credit in violation of the Eighth and Fourteenth Amendments.  However, 42 U.S.C. § 1983 is not the proper vehicle for challenging the duration of imprisonment.  The Supreme Court has held that an action for restoration of good-time credit is in effect a demand for immediate release or for a shorter period of detention and therefore lies at "the core of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).  Habeas is the sole vehicle for the Plaintiff's claims for declaratory relief or monetary damages because the success of his claims would necessarily imply the invalidity of the punishment imposed. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Therefore, a § 1983 claim is not cognizable until the outcome of the prison proceeding has been overturned. *Id.*  The *Edwards* court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions whose unlawfulness would render a*

3

*conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original).

As the Supreme Court recently stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unconstitutionality in an internal prison proceeding necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id., see also Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007).

Plaintiff's allegations make clear that his denial of good-time credit has not been overturned. Accordingly, his § 1983 claim for declaratory relief and punitive damages is not presently cognizable, and his claim will be dismissed.[1]

### B. <ins>28 U.S.C. § 2254</ins>

A petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive vehicle for a prisoner contesting loss of good-time credit. *Greene v. Tenn. Dep't of Corr.,* 265 F.3d 369, 371 (6th Cir. 2001). This Court is not permitted to recharacterize the Plaintiff's § 1983 action as a § 2254 petition because doing so may bar the Plaintiff from asserting a habeas challenge to his state sentence at a later date. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). Therefore, the **Clerk of Court is DIRECTED** to send the Plaintiff a blank form for filing a 28 U.S.C.

---

[1]The Court notes that the § 1983 complaint form, which the Plaintiff completed in filing this action, states specifically in Section IV: "If you seek relief which affects the fact or duration of your imprisonment (for example...restoration of good time...), you must file your claim under 28 U.S.C. §§ 2241, 2254 or 2255."

§ 2254 petition for writ of habeas corpus for use by the Plaintiff should he wish to file such an action.

Date:

cc: Plaintiff Szabo, *pro se*
    Defendants
4412.010